*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

JEREL LYNN GRANT,

      Defendant-Appellant.

UNPUBLISHED
July 07, 2026
1:27 PM

No. 371830
Missaukee Circuit Court
LC No. 2023-003463-FC

Before: CAMERON, P.J., and BOONSTRA and SWARTZLE, JJ.

PER CURIAM.

Defendant appeals his jury-trial convictions of three counts of first-degree criminal sexual assault (CSC-I), MCL 750.520b(1)(h) (mentally disabled victim), and six counts of second-degree criminal sexual assault (CSC-II), MCL 750.520c(1)(h) (mentally disabled victim). We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In late July 2023, the victim, then 14 years old, and his mother moved in with defendant, a family friend, and his girlfriend after their home caught fire. The victim and his mother initially lived in defendant's residence but moved into their own camper parked on defendant's property sometime in late August or early September 2023. The victim, who has "secondary autism due to illness or injury while in the womb[,]" required supervision, so his mother and defendant's girlfriend did their best to coordinate their work schedules in a way that ensured that one of them would be able to watch the victim at any given time. In November 2023, the victim reported to school faculty that defendant had sexually assaulted him. The school notified the authorities, and Missaukee County Sheriff's Office Detective Sergeant Nathan Edwards went to the school and interviewed the victim. Defendant was later interviewed and arrested.

Before trial, the prosecution filed notice of its intent to introduce evidence under MCL 768.27b of two prior sexual assaults defendant had committed. The trial court ultimately denied the prosecution's motion as to one prior act, but permitted the other, allowing defendant's former girlfriend, DC, to testify at trial about defendant sexually assaulting her in 1999. The prosecution also sought to have Detective Edwards testify regarding what the victim told him under MCL 768.27c, which the trial court allowed after the prosecution laid a foundation about

-1-

how Detective Edwards's use of forensic interview protocols demonstrated the trustworthiness of the victim's statements.

The victim testified at trial about three separate assaults that occurred between when he moved in with defendant and when he returned to school. The victim testified that defendant forced the victim to touch defendant's penis, touched the victim's penis with his own hand, and put the victim's penis in his mouth. Each incident at issue involved the same three sexual contacts. The victim acknowledged while testifying that he sometimes got confused, and there were inconsistencies in his testimony.

Detective Edwards testified about what the victim told him regarding the assaults, which pointed out some inconsistencies in the victim's testimony as well as filled in some gaps.

DC testified that, in 1999, defendant sexually assaulted her in his home when she came to pick up the child that they shared. After DC's testimony concluded, the trial court expressed concern that the emotional nature of her testimony may have introduced unfair prejudice into the trial. It considered striking her testimony but ultimately decided not to. The jury found defendant guilty of all nine counts and defendant was sentenced, as a fourth-offense habitual offender, MCL 769.12, to 300 to 480 months' imprisonment for each of the CSC-I counts and 120 to 180 months' imprisonment for each of the CSC-II counts. Defendant now appeals.

## II. STANDARDS OF REVIEW

"A trial court's decision to admit or exclude evidence is reviewed for an abuse of discretion." *People v Thorpe*, 504 Mich 230, 251; 934 NW2d 693 (2019). "The decision to admit evidence is within the trial court's discretion and will not be disturbed unless that decision falls outside the range of principled outcomes." *Id*. at 251-252 (quotation marks and citations omitted). "A decision on a close evidentiary question ordinarily cannot be an abuse of discretion." *Id*. at 252. "When the decision to admit or exclude evidence involves a preliminary question of law, such as whether the evidence falls within the ambit of a statute, the question is reviewed de novo." *People v Berklund*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 367568); slip op at 3-4.

## III. PRIOR ACTS UNDER MCL 768.27B

Defendant first argues that the trial court erred by admitting evidence of defendant's prior sexual assault against DC. Although we agree the trial court erred by admitting DC's testimony, the error was harmless and does not warrant reversal.

DC's testimony was admitted under MCL 768.27b(1), which generally permits the admission of other acts of domestic violence or sexual assault if the evidence is relevant and not otherwise excluded by MRE 403:

> (1) Except as provided in subsection (4), in a criminal action in which the defendant is accused of an offense involving domestic violence, sexual assault, or a violation of chapter LXVII or chapter LXVIIA of the Michigan penal code, 1931 PA 328, MCL 750.448 to 750.462 and 750.462a to 750.462h, evidence of the defendant's commission of other acts of domestic violence, sexual assault, or acts

constituting violations of chapter LXVII or chapter LXVIIA of the Michigan penal code, 1931 PA 328, MCL 750.448 to 750.462 and 750.462a to 750.462h, is admissible for any purpose for which it is relevant, if it is not otherwise excluded under Michigan rule of evidence 403.

"When construing a statute, the primary objective is ascertaining and giving effect to the Legislature's intent." *Berklund*, ___ Mich App at ___; slip op at 4. "This inquiry begins with the text of the statute itself." *Id*. "If a statute's language is clear and unambiguous, no further judicial construction is required or permitted, because the Legislature is presumed to have intended the meaning it plainly expressed." *Id*. (quotation marks and citation omitted). As explained in *Berklund*, the plain language of MCL 768.27a(1) imposes "three express limitations on the introduction of prior acts of domestic violence or sexual assault in current prosecutions for offenses involving domestic violence or sexual assault." *Berklund*, ___ Mich App at ___; slip op at 4. It explained:

> First, the introduction of such evidence is limited by subsection (4), which precludes the admission of "[e]vidence of an act occurring more than 10 years before the charged offense" unless certain listed exceptions apply. MCL 768.27b(4). Second, the introduction of such evidence is barred where the evidence is "excluded under Michigan rule of evidence 403." MCL 768.27b(1). Otherwise, the evidence is "admissible for any purpose for which it is relevant." MCL 768.27b(1). This makes relevancy, as defined in MRE 401 and MRE 402, the third express limitation in MCL 768.27b(1) on the admission of prior acts of domestic violence or sexual assault in current prosecutions for offenses involving domestic violence or sexual assault. [*Id*.]

It is undisputed that the first limitation is satisfied. Although the 1999 incident occurred more than 10 years before the charged offenses in this case, DC's testimony was admissible because she reported the assault to law enforcement within 5 years of the offense. MCL 768.27b(4)(a).

In terms of relevance, "[e]vidence is logically relevant if it is material and probative." *Berklund*, ___ Mich App at ___; slip op at 7; see also MRE 401. "Evidence is material if it is related to a fact that is of consequence to the action." *Berklund*, ___ Mich App at ___; slip op at 7. "Evidence is probative if it tends to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *Id*. (quotation marks and citation omitted).

> "[P]ropensity evidence is logically relevant" because "[a] person who has committed an offense may be more likely to commit that or another offense than a person who has not committed that or any other offense." MRE 404(b) generally excludes the admission of propensity evidence—the rule prohibits evidence of a defendant's other crimes, wrongs, or acts to prove the defendant's propensity to commit such acts. The reason for this general prohibition on propensity evidence is not because such evidence is irrelevant but because "propensity evidence might weigh too much with the jury and . . . so overpersuade them as to prejudge one with

a bad general record and deny him a fair opportunity to defend against a particular charge."

MCL 768.27b is an exception to this general bar on propensity evidence; in prosecutions for offenses involving domestic violence or sexual assault, MCL 768.27b permits evidence of a defendant's prior commission of domestic violence or sexual assault to show the defendant's character or propensity to commit such acts. This reflects a legislative determination that juries should have "a full and complete picture of a defendant's history" when the defendant is accused of domestic violence or sexual assault because that history "tend[s] to shed light on the likelihood that a given crime was committed." [*Id*. at ___; slip op at 7-8 (citations omitted).]

We disagree with defendant's argument that DC's testimony was irrelevant, and should have been excluded, because the circumstances of her assault differed from this case. Defendant overlooks a key similarity that is relevant to show propensity under MCL 768.27b. Both DC and the victim alleged that defendant had sexually assaulted a person with whom he had a domestic relationship, whether through a romantic relationship or by living arrangement.[1] This similarity supports a logical inference that defendant may have a propensity to sexually assault people with whom he shares a domestic relationship. Although we agree that the factual circumstances between the two cases differed in other respects, those differences go to the weight of the evidence, not its logical relevance. Accordingly, DC's testimony was logically relevant.

Defendant next argues that DC's testimony was inadmissible under MRE 403, and, by extension, MCL 768.27b(1). A trial court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." MRE 403. "Evidence is unfairly prejudicial if it has a tendency to adversely affect the objecting party's position by injecting considerations extraneous to the merits of the lawsuit, e.g., the jury's bias, sympathy, anger, or shock." *Berklund*, ___ Mich App at ___; slip op at 9 (quotation marks and citation omitted).

"[W]hen applying MRE 403 to evidence admissible under MCL 768.27b, courts should weigh the propensity inference in favor of the evidence's probative value rather than its prejudicial effect." *Id*. at ___; slip op at 10. In doing so, this Court has incorporated the "nonexhaustive list of considerations" provided in *People v Watkins*, 491 Mich 450, 487-488; 818 NW2d 296 (2012):

(1) the dissimilarity between the other acts and the charged crime, (2) the temporal proximity of the other acts to the charged crime, (3) the infrequency of the other acts, (4) the presence of intervening acts, (5) the lack of reliability of the evidence supporting the occurrence of the other acts, and (6) the lack of need for evidence

---

[1] There was some debate in the proceedings below as to whether the victim in this case qualified as a member of defendant's household under MCL 768.27b. The trial court ultimately concluded that he did, and the parties do not challenge this determination on appeal.

beyond the complainant's and the defendant's testimony. This list of considerations is meant to be illustrative rather than exhaustive.

But these considerations are only "a tool to facilitate, not a standard to supplant, a trial court's MRE 403 analysis." *Berklund*, ___ Mich App at ___; slip op at 10 (quotation marks and citation omitted).

We conclude that the trial court should have excluded DC's testimony under MRE 403. Although DC's testimony had some probative value, that value was limited by the considerable factual differences between the two incidents. DC was an adult woman who shared a child with defendant, whereas the victim in this case was a teenage boy who was living temporarily on defendant's property. These differences lead us to conclude that DC's testimony had only marginal probative value. The question under MRE 403 is whether the marginal probative value of DC's testimony was substantially outweighed by the danger of unfair prejudice. In making that determination, we consider the risk that the emotional impact of DC's testimony would cause the jury to give the evidence undue weight to or decide the case on an improper basis. Notably, the trial court itself expressed its concern about the emotional effect of DC's testimony on the jury to the point it even considered striking it from the record. Given the substantial factual differences between the allegations and the trial court's firsthand assessment of the testimony's emotional effect, we conclude that the danger of unfair prejudice substantially outweighed the limited probative value of DC's testimony. DC's testimony, therefore, should have been excluded under MRE 403.

The error, however, was harmless. The victim testified in detail regarding defendant's repeated assaults and described the sexual acts underlying each charged offense. Specifically, the victim testified that, on multiple occasions when the two were alone, defendant would pull the victim's clothes off, hold him down on the bed in defendant's room, and touch his penis. The victim further testified that defendant forced the victim's hand onto his own penis and put his mouth on the victim's penis during every assault. Although portions of his testimony contained inconsistencies, his testimony provided strong and convincing evidence for a reasonable jury to find that defendant committed the charged offenses. Given the strength of the properly admitted evidence, the trial court's improper admission of DC's testimony was harmless and does not warrant reversal. See, e.g., *People v Pipes*, 475 Mich 267, 283; 715 NW2d 290 (2006) (erroneous admission of evidence was harmless given the extent of properly admitted evidence of the defendant's guilt).

## IV. PRIOR STATEMENTS UNDER MCL 768.27C

Defendant next argues that the trial court erred by admitting Detective Edwards's testimony. We disagree.

Detective Edwards's testimony was admitted under MCL 768.27c(1), which provides:

(1) Evidence of a statement by a declarant is admissible if all of the following apply:

(a) The statement purports to narrate, describe, or explain the infliction or threat of physical injury upon the declarant.

(b) The action in which the evidence is offered under this section is an offense involving domestic violence, or a violation of chapter LXVII or chapter LXVIIA of the Michigan penal code, 1931 PA 328, MCL 750.448 to 750.462 and 750.462a to 750.462h.

(c) The statement was made at or near the time of the infliction or threat of physical injury. Evidence of a statement made more than 5 years before the filing of the current action or proceeding is inadmissible under this section.

(d) The statement was made under circumstances that would indicate the statement's trustworthiness.

(e) The statement was made to a law enforcement officer.

Defendant contends that Detective Edwards's testimony was inadmissible because MCL 768.27c(1)(c) and (d) were not satisfied, and because, again, it was barred by MRE 403.

We begin by noting that, while this Court has not expressly addressed how close in time a report must be made to be considered "at or near the time" of the injury, it has nonetheless impliedly held that the time frame in this case satisfies the "at or near" temporal requirement. In *People v Meissner*, 294 Mich App 438, 442-443; 812 NW2d 37 (2011), the victim reported to police that the defendant had threatened her that day, but also informed police that defendant had, "over the prior months," destroyed her phone, pushed her down the stairs, and put her in a chokehold. This Court held that the victim's late-November 2009 report was sufficiently "at or near" the time of the prior injuries she described, including "an August 2009 confrontation with [the] defendant, in which she thought she would die from the way he was choking her." *Id*. at 447-448. A nearly identical span of time occurred in this case. While the specific days are unknown, the record indicates that defendant's assaults on the victim had to have occurred between late July and mid-August, because the assaults stopped by the time the victim returned to school. The victim then reported the assaults in mid-November 2023, establishing a substantially similar time frame to the one deemed appropriate in *Meissner*. Thus, the victim's statements in this case "fulfilled . . . the temporal requirement in subsection (1)(c)." *Id*. at 448.

Next, defendant argues that the victim's narration to Detective Edwards did not satisfy the trustworthy requirement of MCL 768.27c(1)(d). Although defendant's argument this point is brief, he appears to argue that the circumstances did not indicate trustworthiness in this case because (1) it was made months later and "the statute plainly recognizes that nearness to the event is a required indicia of trustworthiness[,]" and (2) it was not corroborated by anything besides the victim's testimony.

Defendant's first argument conflates the time limitation in MCL 768.27c(1)(c) with the separate trustworthiness requirement in MCL 768.27c(1)(d). Subsection (1)(d) only requires that the statement be made under circumstances that would indicate its trustworthiness. Neither this subsection nor the relevant considerations regarding trustworthiness provided in subsection (2) makes temporal proximity a prerequisite to a finding of trustworthiness.

Next, defendant claims that corroboration of the victim's testimony, alone, is insufficient, but provides no legal authority to support that position. In fact, MCL 768.27c(2)(c) explicitly

considers a circumstance in which "the statement is corroborated by evidence other than statements that are admissible only under this section." The victim's testimony falls squarely within this definition. Moreover, the factors listed in MCL 768.27c(2) are not exclusive. Defendant fails to explain why the trial court erred by concluding that Detective Edwards's adherence to the forensic interview protocols further supported the trustworthiness of the victim's statements under MCL 768.27c(1)(d).

Finally, defendant again argues that Detective Edwards's testimony should have been excluded under MRE 403. He first claims, without support, that the probative value of Detective Edwards's testimony was substantially outweighed by the risk of unfair prejudice because it only served to bolster the victim's credibility in a case that ultimately came down to a credibility contest. But nothing in MCL 768.27c imposes any restrictions on how the evidence may be used, and this Court may not read language into an unambiguous statute. *People v Haynes*, 281 Mich App 27, 29; 760 NW2d 283 (2008). Moreover, defendant fails to explain how bolstering a victim's credibility "has a tendency to adversely affect the objecting party's position by injecting considerations extraneous to the merits of the lawsuit, e.g., the jury's bias, sympathy, anger, or shock[,]" *Berklund*, ___ Mich App at ___; slip op at 9 (quotation marks and citation omitted), such that it qualifies as being unfairly prejudicial under MRE 403. "An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give only cursory treatment with little or no citation of supporting authority." *People v Green*, 313 Mich App 526, 535; 884 NW2d 838 (2015) (quotation marks and citation omitted).

Affirmed.

/s/ Thomas C. Cameron
/s/ Mark T. Boonstra
/s/ Brock A. Swartzle